# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-11-46-D |
| | ) | |
| LANCE E. FAULKNER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's motion [Doc. No. 23] for the return of personal property, consisting of four vehicles, which were seized from Defendant on or about April 6, 2011. Defendant argues that, although the government obtained warrants for seizure of the vehicles, it failed to comply with the prerequisites for those warrants; as a result, he contends the seizure was improper. Pursuant to Fed. R. Crim. P. 41(g), Defendant seeks return of the property which was allegedly unlawfully seized.

In its response, the government argues that Defendant's motion must be denied, arguing Fed. R. Crim. P. 41(g) is inapplicable because the vehicles were not seized pursuant to the criminal forfeiture statutes; instead, the warrants were obtained pursuant to the administrative forfeiture procedures of the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U. S. C. § § 981 and 983. According to the government, the CAFRA procedures were properly followed in connection with the warrants and seizure of the vehicles. Because CAFRA sets out administrative remedies available to Defendant in a civil forfeiture proceeding, the government contends Defendant must exhaust those remedies prior to seeking relief from this Court.

Having reviewed the parties' contentions and the record, the Court concludes that there is no factual dispute which requires the Court to conduct a hearing pursuant to Fed. R. Civ. P. 41(g). Because the parties' dispute relates only to the question of the law governing the forfeiture and seizure at issue, the Court concludes that this matter may be decided without a hearing.[1]

Defendant is charged in a one-count Indictment with a violation of 18 U. S. C. § 1347, based on allegations of Medicare and Medicaid fraud. The Indictment also includes forfeiture allegations alleging that, upon conviction, Defendant shall "forfeit to the United States, pursuant to Title 18 United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses." Indictment [Doc. No. 1] at p. 11. The Indictment also states that the property to be forfeited "includes, but is not limited to" the sum of $5,549,047.64, allegedly representing the proceeds of the charged criminal conduct. *Id.* In addition, the Indictment seeks forfeiture of substitute property in accordance with 21 U. S. C. § 853(p), as incorporated by 18 U. S. C. § 982(b)(1) and 28 U. S. C. § 2461(c). Indictment at p. 12.

On or about March 31, 2011, Charles Thumann, Special Agent for the Federal Bureau of Investigation ("Agent Thumann"), filed four separate applications for warrants to seize personal property subject to forfeiture; each sought a warrant to seize an identified vehicle, and each was accompanied by an "affidavit in support of seizure warrants" executed by Special Agent Thumann. These were filed separately as Case Nos. MJ-11-80, MJ-11-81, MJ-11-82, and MJ-11-83. On March 31, 2011, United States Magistrate Judge Valerie K. Couch issued a "Warrant to Seize Personal Property Subject to Civil Forfeiture" in Case No. MJ-11-80; that warrant authorizes the seizure of

---

[1] In his motion, Defendant expressly states that no hearing is required.

a 2010 Chevrolet Camaro, identified by vehicle identification number. *See* Case No. MJ-11-80 [Doc. No. 2]. On March 31, 2011, Judge Couch issued a "Warrant to Seize Personal Property Subject to Civil Forfeiture" in Case No. MJ-11-81, authorizing the seizure of a 2010 Cadillac vehicle, also identified by vehicle identification number. Case No. MJ-11-81 [Doc. No. 2]. On the same date, Judge Couch issued warrants to seize personal property subject to civil forfeiture in Case Nos. MJ-11-82 and MJ-11-83, authorizing seizure of, respectively, a 2008 Chevrolet van and a 2009 Dodge Challenger; the vehicle identification numbers were included in the separate warrants. On or about April 15, 2011, returns were filed in these four proceedings, each reflecting execution of the subject warrant and describing the specific vehicle seized.

Defendant seeks return of the seized vehicles on the grounds that the four seizure warrants are invalid because, pursuant to 18 U. S. C. § 853(f), an affidavit in support of a criminal forfeiture warrant must not only be supported by probable cause, but must also demonstrate that a protective order issued pursuant to § 853(e) is not sufficient to assure the availability of the subject property for forfeiture in the event of conviction. The affidavit executed by Agent Thumann[2] does not state that a § 853(e) protective order is insufficient to protect the government's interest in the subject property. Defendant argues that this omission is fatal to the validity of the warrants, as 21 U. S. C. § 853(f) "authorizes issuance of a criminal seizure warrant only if a protective order entered pursuant to § 853(e) may not suffice to preserve the availability of the property for forfeiture." *In the Matter of: 2000 White Mercedes ML 320 Five-door SUN,* 220 F. Supp. 2d 1322, 1326 (M. D. Fla. 2001). Defendant thus contends the vehicles were improperly seized, and asserts a right to relief pursuant to Fed. R. Crim. P. 41(g).

---

[2]As Defendant correctly notes, the same affidavit was filed by Agent Thumann in each of the four cases seeking forfeiture warrants for specific vehicles.

Pursuant to Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). If the district court grants the motion, the property is ordered returned to the movant; the court may impose "reasonable conditions to protect access to the property and its use in later proceedings." *Id.*

In its response to Defendant's motion, the government argues that Fed. R. Crim. P. 41(g) does not apply because the four vehicles at issue were seized pursuant to a civil forfeiture proceeding governed by 18 U. S. C. § 981 rather than a criminal forfeiture proceeding under 18 U. S. C. § 853. As a result, the government argues the procedures governing civil forfeiture apply to the seizures at issue. Additionally, the government argues Defendant has an adequate remedy to protect his interest in the seized property via the administrative procedures available under CAFRA.

Where property has been seized pursuant to an administrative proceeding under the civil forfeiture statutes, the provisions of 18 U. S. C. § 983 provide the "exclusive vehicle" for challenging the forfeiture, and Rule 41(g) is inapplicable. *United States v. Tinajero-Porras*, 378 F. App'x 850, 851 (10th Cir. 2010) (unpublished opinion) (citing *United States v. Deninno*, 103 F. 3d 82, 84 (10th Cir. 1996)); *United States v. Eubanks,* 169 F. 3d 672, 673-74 (11th Cir. 1999); *United States v. One 1974 Learjet 24D,* 191 F. 3d 668, 673 (6th Cir. 1999). Accordingly, if the challenged seizures in this case are governed by the civil forfeiture statutes, Defendant's exclusive remedy is pursuit of the administrative procedures provided by those statutes.

Pursuant to 18 U. S. C. § 981, the government may pursue civil forfeiture of assets derived from specified criminal conduct. The assets specified by statute as subject to civil forfeiture include "any property, real or personal, which constitute or is derived from proceeds traceable to a violation" of, *inter alia*, "any offense constituting 'specified unlawful activity' (as defined in section

4

1956(c)(7) of this title), or a conspiracy to commit such offense." 18 U. S. C. § 981(a)(1)(C). Pursuant to

18 U. S. C. § 1956(c)(7), "any act or activity constituting an offense involving a Federal health care offense" is included in the definition of "specified unlawful activity." 18 U. S. C. § 1956(c)(7)(F). Accordingly, a § 981 civil forfeiture proceeding is available to obtain forfeiture of property that "either constitutes the proceeds of, or is traceable to" a federal health care offense. *United States v. All Funds Distributed To, or on Behalf of, Weiss*, 345 F. 3d 49, 53 n. 2 (2d Cir. 2003). *See also United States v. Bank Account No. 3200335471*, 538 F. Supp. 2d 463, 467 (D. Puerto Rico 2008); *United States v. All Funds on Deposit in Dime Savings Bank of Williamsburg,* 255 F. Supp. 2d 56, 60 (E. D. N. Y. 2003). Because Defendant in this case is alleged to have committed a federal health care offense, the government is authorized to pursue forfeiture according to the civil forfeiture statute and procedures in 18 U. S. C. § 981.

The procedural requirements for § 981 civil forfeiture are set forth in 18 U. S. C. § 983. According to § 983, civil forfeiture may be pursued without filing a separate civil action by providing written notice to interested parties. 18 U. S. C. § 983(a)(1)(A)(i). In this case, the government has provided notices to Defendant for each of the four vehicles it seized. Copies of the April 22, 2011 notices sent via certified mail to Defendant are submitted as Government Exhibits 1 through 4 to the response to Defendant's motion. A separate notice is provided for each seized vehicle; the notice contains the vehicle description, including the vehicle identification number, and each notice states that the forfeiture is "conducted pursuant to Title 18, United States Code (U.S.C.), Section 981(a)(1)(C)." Government Exs. 1-4. Each notice also includes information regarding the manner in which Defendant may contest the seizure of the specific property, as well as the procedure

whereby he may request release of the seized property.  As to each procedure, detailed information is provided to Defendant, and that information recites the statutory basis for each action to be taken.

As the government argues in its response to the motion, the procedures available to Defendant, as set out in the notices, provide an administrative remedy whereby he may challenge the propriety of the seizure and seek return of the vehicles.  As set forth in the notices provided to him, he may file a claim of ownership by a stated deadline; in this case, that deadline is May 27, 2011.  He may then request release of the seized property pursuant to 18 U. S. C. § 983(f).

The Court concludes that, because the assets at issue were seized pursuant to the civil forfeiture statute, 18 U. S. C. § 981, Defendant's remedy for seeking return of those assets is through the administrative remedies provided in 18 U. S. C. § 983.  Once he has exhausted those remedies, he may seek further relief from this Court, if necessary.  Accordingly, Defendant's motion [Doc. No 23] is DENIED.

IT IS SO ORDERED this 17th day of May, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE