# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-11-46-D |
| ) | |
| LANCE E. FAULKNER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant pled guilty to Count 1 of the Indictment charging him with health care fraud, in violation of 18 U.S.C. § 1347. On May 22, 2012, Defendant was sentenced to a term of fifty-one months' imprisonment followed by two years of supervised release. Defendant completed his sentence, and on June 15, 2017, he sent the Court a letter requesting that he be released from the remainder of his supervised release [Doc. No. 67]. In support of his request, Defendant stated that he was recently diagnosed with End Stage Renal Disease and he had been on dialysis since November 2016. Defendant also stated that he is awaiting a kidney transplant and has diminished eyesight due to diabetes, which required retinopathy surgery.

The United States, with the concurrence of the United States Probation Office, objects to Defendant's request. In its response [Doc. No. 69], the government notes that Defendant currently owes $4,285,957.37 in restitution to Medicare. Although Defendant's previous restitution payments total $381,218.90, $378,433.90 of that

amount was paid as a result of the forfeiture of his property. The government further notes that Defendant is currently delinquent in his restitution payments, having defaulted on his payment plan in April 2017. In 2017, Defendant has only paid $70 towards his restitution. Defendant is currently unemployed and seeking work.

# I

The goal of supervised release is "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison for punishment or other purposes but still needs supervision and training programs after release." *Johnson v. United States*, 529 U.S. 694, 709 (2000) (quoting S.Rep. No. 98-225, at 124 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182)). Despite this stated policy, 18 U.S.C. § 3583(e)(1) gives a district court discretion to terminate a term of supervised release. *Rhodes v. Judiscak*, 653 F.3d 1146, 1148 (10th Cir. 2011). Pursuant to § 3583(e)(1), a district court may terminate a term of supervised release and discharge the defendant any time after the expiration of one year of supervised release so long as it considers the factors in 18 U.S.C. § 3553(a) and the release is in the "interest of justice." *United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (unpublished) (citing 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171-72 (10th Cir. 2011)).

The factors in § 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e)(1).

## II

In light of the aforementioned factors, specifically the nature and scope of the fraudulent Medicare scheme, the necessity for deterrence of similar conduct, and the need for Defendant to provide restitution totaling over $4 million, the Court does not believe Defendant has shown early termination of supervised release is justified.[1] *See, e.g., United States v. Bayard*, 537 F. App'x 41, 42-43 (3d Cir. 2013)

---

[1] In *Warren*, the Tenth Circuit noted it was unclear whether § 3583(e)(1) required consideration of the § 3553(a) factors when a court *denies* a motion to terminate supervised release. 650 F. App'x at 615. Nonetheless, the court examined the factors in reviewing the district court's decision to deny the appellant's motion for early termination. *Id*. The court also noted that discussion of each and every factor in §3553(a) was not required. *See id.* ("Even in the initial sentencing context where a district court has a duty to consider all of the § 3553(a) factors, we have never required a discussion of each and every factor.") (citing *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201-02 (10th Cir. 2007)).

(unpublished) (affirming district court's denial of early termination of supervised release based upon, *inter alia*, fact that defendant still owed $4,000 in restitution); *United States v. Oak*, 398 F. App'x 274, 275 (9th Cir. 2010) (unpublished) (affirming district court's denial of motion for early termination of supervised release based upon "the finding that [the defendant] still owes more than $200,000 in restitution"); *United States v. Ferrell*, No.: 13-0324 (RC), 2017 WL 149950, at *3 (D.D.C. Jan. 13, 2017) (holding defendant was not entitled to early termination of probation where, although defendant had generally complied with terms of probation, defendant had problems making restitution payments and had not completed payment of restitution in amount of $26,029.34); *cf. United States v. Walters*, 129 F. App'x 319, 320 (7th Cir. 2005) (unpublished) (defendant's failure to pay restitution for fraud conviction warranted denial of motion for early termination of supervised release).

## III

Though the Court is mindful of Defendant's health and employment issues, it does not believe that consideration of the relevant factors under § 3553(a) support early termination of his supervised release. Accordingly, Defendant's request for early termination of supervised release [Doc. No. 67] is **DENIED** as set forth herein.

**IT IS SO ORDERED** this **12th** day of July 2017.

*[signature]*
_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE